UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW E. GOODMAN,

    Plaintiff,

vs.                                                Case No.:

PENTAGROUP FINANCIAL, LLC.

    Defendant,
_____/

## COMPLAINT and DEMAND FOR JURY TRIAL

1.     This is an action for damages brought by Plaintiff, MATTHEW E. GOODMAN, an individual consumer, against the Defendant, PENTAGROUP FINANCIAL, LLC, a Florida foreign limited liability corporation, for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA") and for violation of the State of Florida Consumer Collection Practices Act, Section 559.72, et seq., Florida Statutes (hereinafter referred to as "FCCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

### JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202. Venue in this District is proper because Plaintiff resides in Polk County, Florida and Defendant transacts business in Polk County and the conduct complained of occurred in Polk County.

## PARTIES

3. Plaintiff, MATTHEW E. GOODMAN (hereinafter referred to as "Plaintiff"), is a natural person and citizen of the State of Florida, residing in Polk County, Florida.

4. Defendant, PENTAGROUP FINANCIAL, LLC (hereinafter referred to as "Defendant"), is a for profit foreign limited liability company registered in the State of Florida with its principal place of business located at 5959 Corporate Drive, Suite #1400, Houston, Texas, and whose principle business is collecting consumer debts and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and as defined by Section 559.55(6), Florida Statutes.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

6. Defendant regularly collects or attempt to collect consumer debts from other parties. Defendant is a "debt collector" as that term is defined in the FDCPA and the FCCPA.

7. At all times material to the allegations of this complaint, Defendant was acting as debt collectors with respect to the collection of Plaintiff's alleged consumer debt.

## FACTUAL ALLEGATIONS

8. Defendant sought to collect an alleged consumer debt from Plaintiff arising from a credit card agreement initially entered into with HSBC-Metris by Plaintiff for personal, family or household purposes, and is a "debt" as that term is defined by 15 U.S.C. §1692a(5) and as defined by Section 559.55(1), Florida Statutes.

9. Due to circumstances beyond Plaintiff's control the debt was not paid by Plaintiff and it went into default with the creditor.

10. Sometime thereafter, the alleged debt which was purchased by CACH was

assigned, placed, or otherwise transferred to Defendant by CACH for collection.

11. On or about February 17, 2011, Plaintiff received a letter from Defendant. See Exhibit "A". Defendant did not respond to the February 17, 2011, correspondence.

12. Upon information and belief, on or about March 10, 2011, a representative of Defendant by the name of Ed Holcomb, without the permission of the Plaintiff, contacted Plaintiff's employer, Jarrett/Scott Ford located in Plant City, Florida, several times in an attempt to talk with the Plaintiff. The first (1) telephone communication was received by a receptionist at the Plant City facility. The representative of Defendant informed the receptionist that he needed to discuss a "matter" with the Plaintiff, and that he needed to get in touch with Plaintiff. Upon information and belief a second (2) telephone communication was left with the receptionist. Upon information and belief in a third (3) telephone communication, the representative of the Defendant asked to speak to a supervisor of Plaintiff. Defendant's representative was inadvertently transferred to the service department of Plaintiff's employer where Defendant's representative spoke with a co-worker of Plaintiff. Defendant's representative told Plaintiff's co-worker that if he did not get to speak with Plaintiff that he was going to "call Mr. Jarrett" the owner of the company where Plaintiff is employed.

10. Plaintiff upon receiving the information from the co-worker contacted Mr. Holcomb and requested that he not call his place of employment. At this point, Plaintiff provided Defendant's representative with his cellular telephone number and requested that if he to call to use that number. The discussion between Plaintiff and Defendant's representative continued wherein Plaintiff informed this representative of Defendant that he was aware of the debt but was financially unable to make payment. Plaintiff requested Defendant's representative not to make any further telephone calls to Plaintiff in an attempt to collect the above referenced

debt. At that point, Defendant's representative informed Plaintiff that he had no "integrity" and threatened to bring suit against Plaintiff and to take Plaintiff's pay check.

11. Upon information and belief, sometime after Plaintiff provided Defendant's representative with his cellular telephone number, Plaintiff began receiving telephone calls from the Defendant on his cellular telephone. Plaintiff would not accept the telephone calls but would allow his voice mail function to accept the telephone calls. These telephone calls, as well as the telephone calls noted herein, each individually constitute a "communication" as defined by 15 U.S.C. §1692a(2) and as defined by Section 559.55(5), Florida Statutes.

12. On or about March 24, 201, after informing Defendant's representative not to make any further calls to his place of employment, Defendant's representative called Plaintiff's place of employment. Plaintiff again requested that Defendant's representative not call his place of employment that this type of activity could cause Plaintiff to lose his employment. It was at this point in the conversation that Defendant's representative informed Plaintiff that he had no "integrity" and stated that he could call Plaintiff's place of employment any time that he desired.

13. On or about April 5, 2011, upon information and belief, Defendant's representative, without the permission of the Plaintiff, contacted Plaintiff's employer. The telephone communication was received by the receptionist. The representative of Defendant informed the receptionist of some contact information and rudely requested that the information be given to the Plaintiff.

14. The acts and omissions of Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, the Defendant.

15. The acts and omissions by Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

16. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, the Defendant.

17. Defendant is therefore liable to Plaintiff through the Doctrine of Respondent Superior for the intentional and negligent acts, errors and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act in their attempts to collect this debt from Plaintiff.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff incorporates Paragraphs 1 through 17.

19. The telephone calls noted herein constitute a "communication" as defined by 15 U.S.C. §1692a(2).

20. The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff.

21. Defendant and its agents violated 15 U.S.C. §1692d (2) by using profane and other abusive language.

22. Defendant and its agents violated 15 U.S.C. § 1692d (5) by causing the telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

23. Defendant and its agents violated 15 U.S.C. §1692c (b) by contacting a third party

without Plaintiff's prior consent.

24. Defendant and its agents violated 15 U.S.C. §1692b(3) by communicating with persons other than the consumer more than once.

25. Defendant and its agents violated 15 U.S.C. §1692c(a) (1) by communicating with the Plaintiff, the consumer, at work which is an unusual time or place or time or place known or which should have been known to be inconvenient to the consumer.

26. Defendant and its agents violated 15 U.S.C. §1692c(a) (3) by contacting Plaintiff's place of employment when Defendant knows or knew or had reason to know that Plaintiff's employer prohibits such communications.

27. Defendant and its agents violated 15 U.S.C. § 1692b(1) in contacting a person other than the consumer or Plaintiff, by failing to identify him/herself, or failing to state that he/she is confirming or correcting location information concerning Plaintiff.

28. Defendant and its agents violated 15 U.S.C. §1692b(3) by communicating with persons other than the consumer more than once.

29. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3), from Defendant.

## COUNT II
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

30. Plaintiff incorporates Paragraphs 1 through 29.

31. The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA with respect to Plaintiff.

32. This direct telephone contact by Defendant with Plaintiff and individuals constitutes a "communication" as defined by Section 559.55(5), Florida Statutes.

33. Defendant and its agents violated the State of Florida Consumer Collection Practices Act Section 559.72 (5) by disclosing to a person other that the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

34. Defendant and its agents violated the State of Florida Consumer Collection Practices Act Section 559.72 (8) by using profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of Plaintiff's family.

35. Defendant and its agent's acts as described above were done with full knowledge and intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

36. As a result of the above violation of the State of Florida Consumer Collection Practices Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA, and declaratory and injunctive relief for Defendant's violation of the FCCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Statutory damages pursuant to Section 559.77, Florida Statutes;

E.     Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Section 559.77, Florida Statutes;

F.     For such other and further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted this ___ day of August 2011.

**DICESARE, DAVIDSON, & BARKER, P.A.**

_____
HAROLD E. BARKER, ESQUIRE
Florida Bar #0500143
Post Office Box 7160
Lakeland, Florida 33807-7160
Phone (863) 648-5999
Facsimile (863) 648-4755
E-Mail: rbarker@ddblaw.com
Attorney for Plaintiff